IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN WESLEY BANOS | § | |
| v. | § | CIVIL ACTION NO. 9:08cv58 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner John Wesley Banos, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Banos states that he is serving consecutive sentences of 60 and ten years. He states that his first sentence, the 60-year sentence, "ceased to operate" on July 1, 2004, but the Respondent is not allowing him to begin serving his 10-year sentence. Banos says that under Texas law, when an inmate is serving consecutive sentences, the first will cease to operate on the date that he would have been eligible for release on parole if he had been sentenced to serve a single sentence. He became eligible for parole on July 1, 2004, and so he should have been allowed to begin serving his second sentence at that time, but he has not been allowed to do so.

The Magistrate Judge ordered the Respondent to answer, and the Respondent argued that the statute of limitations has expired on Banos' claims, that these claims are purely a matter of state law, and Banos' claims lack merit. Banos has filed a response to the answer.

On October 14, 2008, the Magistrate Judge issued a Report recommending that the application for habeas corpus relief be denied. The Magistrate Judge first looked to the statute of limitations, stating

1

that the date on which Banos knew or should have known that he was supposed to become eligible for parole on his 60-year sentence was July 1, 2004, and so this would be the date on which the factual predicate of his claim would be known, so as to trigger the commencement of the one-year limitations period under 28 U.S.C. §2244(d)(1)(D). The Magistrate Judge thus determined that the limitations period had expired.

The Magistrate Judge further noted that even if a later date were used, the limitations period had nonetheless expired. Banos attached a time credit computation slip to his petition, dated September 25, 2006, and so even if this slip were to be used as the date on which the factual predicate of the claim were known, the limitations period still expired prior to the filing of the petition.

More importantly, however, the Magistrate Judge determined that Banos' claims were meritless on their face. These claims are premised on the theory that he was supposed to begin serving his ten-year sentence when he became eligible for parole on his 60-year sentence, but this is incorrect. Instead, the Magistrate Judge said, the relevant statute provides that the first conviction will "cease to operate," thereby triggering the commencement of the second conviction, when either (a) the actual calendar time served by the inmate equals the sentence imposed by the court, or (b) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence. Tex. Gov. Code art. 508.150(b). The Texas Court of Criminal Appeals has specifically rejected the notion that subsection (B) of this statute refers merely to the date of parole eligibility, saying that because the statute refers to a parole panel's designation, rather than an inmate's statutory eligibility, subsection (B) must refer to a discretionary decision on the part of the Board that the person actually would have been released to parole but for the second sentence; it is not enough that the inmate merely becomes statutorily eligible for parole. Ex Parte Kuestler, 21 S.W.3d 264, 270 (Tex.Crim.App. 2000) (emphasis added), *overruled in part on other grounds in* Ex Parte Hale, 117 S.W.3d 866, 867 (Tex.Crim.App. 2003); *see also* Ex Parte Wrigley, 178 S.W.3d 828, 831 (Tex.Crim.App. 2005) (noting that the phrase "ceases to operate" means the date on which the original

2

sentence is served out in actual calendar time or the date on which a parole panel approves the inmate for parole release).

In this case, Banos argued that his first sentence ceased to operate when he became eligible for parole, but this contention has been specifically rejected by the Texas Court of Criminal Appeals. Instead, as the Court of Criminal Appeals explained, the first sentence ceases to operate upon approval for release by a parole panel. Banos has not shown that he has been approved for release by a parole panel, and so his claim that his first sentence should have ceased to operate, thus commencing operation of his second sentence, is without merit. The Magistrate Judge therefore recommended that the application for habeas corpus relief be denied and that Banos be denied a certificate of appealability *sua sponte*.

Banos filed objections to the Report of the Magistrate Judge on October 24, 2008. In his objections, he argues that the Magistrate Judge erred by starting the time computation on the date of the time slip attached to the petition. Instead, he says that the limitation period began when the Texas Court of Criminal Appeals denied his state habeas petition. Banos does not challenge the Magistrate Judge's conclusion concerning the merits of his claim, although he says that he cannot get access to the prison law library because of a lockdown.

The limitations period is not commenced by the termination of state post-conviction collateral proceedings, as Banos asserts. *See* Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2005); Harris v. Hutchinson, 209 F.3d 325, 327-328 (4th Cir.2000). As noted above, Banos did not object to the Magistrate Judge's proposed findings and conclusions concerning the merits of his case, and a review of these proposed findings and conclusions shows that they are correct. Banos' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records

in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner John Wesley Banos is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **30** day of **October, 2008.**

_____
Ron Clark, United States District Judge